JUDGE OETKEN

# 12 CIV 6265

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARIEL MARTINEZ, a minor under the age of 18 years,
by MARIA ROSARIO, Mother,

                         PLAINTIFF,

        -AGAINST-

NEW YORK CITY. POLICE OFFICER JOHN DOE 1 and
POLICE OFFICER JOHN DOE 2 individually, and in their
capacity as members of the New York City Police
Department,

                    DEFENDANTS.

------------------------------------------------------------------ x

**COMPLAINT**

**ECF CASE**

RECEIVED
AUG 1 5 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mariel Martinez ("Mariel"), a minor under the age of 18 years, by Maria Rosario ("Ms. Rosario"), her mother, seeks relief for the violation of her rights secured by 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 23, 2011, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mariel to *inter alia* false arrest with excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Mariel is a United States citizen and at all times here relevant resided with her mother, Ms. Rosario, at 238 West 238th Street, Apartment 9, Bronx, NY 10463.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2") are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. At the time of the incident described herein, Mariel was 15 years old and attended Bronx Leadership Academy.

11. On or about December 23, 2011, at approximately 6:30 pm, Mariel returned home from school with her cousin Diana Della Cruz ("Diana").

12. Diana and Mariel went to Mariel's apartment to watch television.

13. When Diana and Mariel arrived at Mariel's apartment they noticed the front door of the apartment was open.

14. Diana and Mariel went into the apartment and noticed many items were missing.

15. Mariel called 911 to report the break-in.

16. Mariel waited for approximately forty minutes in the lobby of the apartment building, but the police did not arrive.

17. Mariel then walked to the 50th Precinct to report the incident in person.

18. At the 50th Precinct, Mariel was told to return home and that a police officer would be there shortly to investigate.

19. Mariel returned home.

20. Mariel waited at home for approximately fifteen minutes, at which time a number of police officers arrived, including PO John Doe 1 and PO John Doe 2.

21. The police officers looked in Mariel's apartment.

22. A neighbor informed Mariel that she heard noises from the apartment from approximately noon to 2:00 pm.

23. After looking in Mariel's apartment the police officers went into the lobby.

24. At this point Ms. Rosario arrived home and joined Mariel and the police officers in the lobby.

25. Mariel, Ms. Rosario, PO John Doe 1 and PO John Doe 2 went into the basement to look for security camera footage.

26. PO John Doe 1 informed Mariel and Ms. Rosario that he could not find the necessary footage.

27. Mariel asked PO John Doe 1 to look only for the footage from noon to 2:00 pm.

28. PO John Doe 1 refused to look for the footage.

29. At this point Mariel wanted to go back upstairs to the lobby.

30. PO John Doe 1 told Mariel that she could not go upstairs.

31. Mariel tried to walk past PO John Doe 1.

32. PO John Doe 1 deliberately bumped Mariel as she passed.

33. PO John Doe 1 then began to hit Mariel with his fist and elbows.

34. Mariel fell to the ground.

35. PO John Doe 1 then began to bang Mariel's head on the ground and kick her head.

36. Ms. Rosario screamed at PO John Doe 1 to stop.

37. Mariel stood up and PO John Doe 1 twisted Mariel's arm behind her back.

38. Mariel was in excruciating pain.

39. Without probable cause or legal justification, PO John Doe 1 and PO John Doe 2 arrested Mariel.

40. Mariel was transported to the 50th Precinct, where she was processed.

41. Mariel did not receive any medical treatment for her injuries at the 50th Precinct.

42. Mariel was kept in a cell at the 50th Precinct until approximately 8:00 am on December 24, 2011.

43. At approximately 8:00 am on December 24, 2011, Mariel was taken in handcuffs to the Horizon Juvenile Detention Center located on 560 Brook Avenue in the Bronx.

44. Mariel was still in pain from her injuries so was taken by staff at the Horizon Juvenile Detention Center to Lincoln Medical and Mental Health Center located at 234 East 149th Street.

45. Mariel suffered bruising, tenderness and abrasions about her body and was given pain-killers at the hospital.

46. Mariel was then taken back to Horizon Juvenile Detention Center.

47. At approximately 6:00 am on December 25, 2011, Mariel met with a probation officer and was subsequently released.

48. Mariel was required to check in with her probation officer for six consecutive Fridays.

49. Mariel met the requirements set forth by her probation officer and on February 10, 2012, Mariel's case was adjusted and the case was closed and sealed.

50. Mariel feels traumatized by the events stemming from her arrest on December 23, 2011, and is wary and fearful when she sees NYPD officers.

51. Mariel takes efforts to avoid police officers when in public.

52. Mariel suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety and suffered loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

56. Defendants unreasonably and unjustifiably confined plaintiff.

57. Plaintiff was aware of, and did not consent to, her confinement.

58. The confinement was not privileged.

59. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of the Court.

## SECOND CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

60. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

61. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

62. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

63. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**JURY DEMAND**

64. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants

together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to
> or exceeding the jurisdictional limit of this court for each of plaintiff's causes of
> action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this
> action;
>
> And such other and further relief as the Court deems just and proper.

Dated:     New York, New York
       August 14, 2012

                 By:   _Justin Delle Cave (JD0896)_
                         Justin Delle Cave

                         PetersonDelleCave LLP
                         Attorney for Plaintiff
                         233 Broadway, Suite 1800
                         New York, NY 10279
                         (212) 240-9075